UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTONIA DENISE HICKS,

    Defendant.

CASE NO. CR02-375C

ORDER

This matter comes before the Court on Defendant's Motion for Return of Property (Dkt. No. 134) ("Def.'s Mot.") and the Government's Response thereto (Dkt. No. 136) ("Resp."). Having considered the papers submitted by the parties and finding oral argument unnecessary, the Court DENIES Defendant's motion for the following reasons.

**I. BACKGROUND**

Defendant was indicted on eight counts of wire fraud and convicted of all eight counts by a jury on July 17, 2003. (Verdict Form (Dkt. No. 73).) Pursuant to the criminal forfeiture notice requirements of Federal Rule of Criminal Procedure 32.2(a), the indictment contained allegations regarding forfeiture of property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses in the indictment. (Indictment 3–5 (Dkt. No. 1).) In addition to finding Defendant guilty on all eight

ORDER – 1

counts, the jury returned a special verdict, finding every piece of property enumerated in the indictment to be traceable to the wire fraud in Counts 1 through 8. (Special Verdict Form (Dkt. No. 69).) Defendant was sentenced on October 17, 2003. On that same day, this Court entered a Preliminary Order of Forfeiture (Dkt. No. 80).

October 17, 2003 is the date of final judgment in this case. (*See* Judgment (Dkt. No. 79).) Moreover, Federal Rule of Criminal Procedure 32.2(b)(3) provides that a preliminary order of forfeiture becomes final as to the defendant on the date of sentencing. *See* FED. R. CRIM. P. 32.2(b)(3); *see also United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997) ("A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined."), *cited in United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998). Rights of third parties are determined pursuant to a different subsection. *See* FED. R. CRIM. P. 32.2(c). This Court entered a Final Order of Forfeiture (Dkt. No. 111) on March 4, 2004, after taking into account rights of third parties in some of the seized property raised during the notice period (*see* Motion for Entry of Final Order of Forfeiture (Dkt. No. 110)). Despite the subsequent final judgment as to third parties, October 17, 2003 is the date the forfeiture order became final as to Defendant.

All twelve property items that Defendant's motion seeks to recover match those outlined in this Court's preliminary forfeiture order. (*See* Def.'s Mot. 2–3; Prelim. Order of Forfeiture 1–2.) The final order did not include three of the twelve items Defendant seeks to have returned,[1] because, though they were found to be subject to forfeiture, third parties with claims superior to the United States' were identified during the notice period. (*See* Final Order of Forfeiture 2–3; Mot. for Entry of Final Order of Forfeiture.)

---

[1] Those three items are (1) the 2000 Dodge Ram 350 SL Laramie, VIN #1B7MC3367YJ121222, Texas License 3MK-N57; (2) 51.62 acres of real property situated within the J.B. Boden Survey, abstract number 423, in Van Zandt County, Texas; and (3) a 1999 Buccaneer manufactured home, two sided, with manufacturing serial #ALBUS-28113A&B.

ORDER – 2

Defendant timely appealed her conviction and sentence (*see* Notice of Appeal (Dkt. No. 81)), and the Court of Appeals for the Ninth Circuit affirmed. *See United States v. Hicks*, 103 Fed. Appx. 208 (9th Cir. 2004) (unpublished opinion).

**II. ANALYSIS**

Defendant has styled her motion as one for "return of property" under Federal Rule of Criminal Procedure 41(g). (Def.'s Mot. 1 & n.1.) That rule provides for return of property to a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property." *See* FED. R. CRIM. P. 41(g). However, Rule 41(g) is inapposite to the instant case, because it applies only to property—seized for evidentiary and other court-proceeding purposes—that is *not* subject to forfeiture. As stated by the Ninth Circuit in applying Rule 41(g), "[p]roperty seized for the purposes of a trial that is neither contraband *nor subject to forfeiture* should ordinarily be returned to the defendant once trial has concluded." *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) (emphasis added) (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061–61 (9th Cir. 1991) (noting the inapplicability of this return-of-property provision when a "forfeiture statute" applies)). All of the property Defendant seeks to have returned was the subject of a jury verdict deeming it traceable to the crimes of which she was convicted, and therefore subject to the forfeiture that became final as to Defendant on the date of her sentencing. Given that the property that Defendant seeks to have returned clearly is subject to forfeiture, Rule 41(g) cannot provide a basis for this Court to consider her motion.

This Court has a duty to construe Defendant's motion liberally because she proceeds *pro se*. *See Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Thus, despite the inapplicability of Rule 41(g) and the failure of Defendant's motion to state a claim under that rule, the Court must consider the underlying request in Defendant's motion. As explained *supra*, the forfeiture order became final as to Defendant on October 17, 2003 by operation of law. Her request, then, is for this Court to reconsider or reverse a final order.

//

ORDER – 3

The Federal Rules of Appellate Procedure provide that a defendant has 10 days to file a notice of appeal in a criminal case. FED. R. APP. P. 4(b). Defendant filed a Notice of Appeal (Dkt. No. 81) on October 17, 2003—the same day she was sentenced and the forfeiture order became final as to her. She appealed her conviction and sentence, which included $1,981,000.00 in restitution.

The Government argues that Defendant did not appeal the forfeiture order when she appealed her conviction and sentence. (Resp. 2.) Indeed, nowhere does the Court of Appeals opinion discuss the forfeiture order. *See Hicks*, 103 Fed. Appx. 208. However, it is conceivable that the Notice of Appeal could have been construed broadly enough to encompass the forfeiture if the appeal of the restitution aspect of Defendant's sentence implicates the forfeiture.[2] In any event, the Court need not decide what exactly Defendant appealed, because the Ninth Circuit affirmed this Court's judgment on June 28, 2004. *See Hicks*, 103 Fed. Appx. at 209. Thus, if Defendant's 2003 appeal *can* be construed to have implicated the forfeiture order, that order was affirmed and this Court may not revisit it. *Bennett*, 147 F.3d at 914 (holding that "'a forfeiture order, whether preliminary or final as to third-party claims, is a final order as to the defendant'" and that a notice of appeal divests the district court of jurisdiction to hear a challenge) (quoting *Christunas*, 126 F.3d at 768 n.1). Alternatively, if the 2003 appeal *cannot* be construed to have implicated the forfeiture order, as the Government argues, the forfeiture issue was not timely raised: the time for appeal has long since passed and Defendant has procedurally defaulted as to any appeal of the forfeiture order that she now attempts. *Christunas*, 126 F.3d at 768 ("Compliance with [Federal Rule of Appellate Procedure 4(b)] is a jurisdictional prerequisite which this court can neither waive nor extend."). Therefore, under either construction of Defendant's Notice of Appeal, and in light of the final judgment in this case on October 17, 2003 whose time for appeal has passed, this Court has no jurisdiction to hear Defendant's current challenge to the forfeiture order.

//

---

[2] The Ninth Circuit has acknowledged that forfeiture is an element of a criminal sentence. *Bennett*, 147 F.3d at 914.

ORDER – 4

### III. CONCLUSION

Because Rule 41(g) does not allow this Court to hear Defendant's motion and because she seeks impermissible review of a final judgment, this Court has no jurisdiction to consider her request for return of property. Defendant's Motion for Return of Property is DENIED.

SO ORDERED this 14th day of October, 2005.

*John C. Coughenour*

John C. Coughenour

United States District Judge

ORDER – 5